UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| ROCKYOU, INC., | ) ) | Case No. 19-10453 (SCC) |
| Debtor. | ) ) ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| MMJK, INC., | ) ) | Case No. 19-10454 (SCC) |
| Debtor. | ) ) ) | |

**WILD SKY'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTIONS FOR ENTRY OF AN ORDER COMPELLING THE TURNOVER OF THE DEBTORS' BOOKS AND RECORDS AND OTHER ELECTRONIC DATA OF THE DEBTORS IN THE POSSESSION, CUSTODY OR CONTROL OF WILD SKY MEDIA, CL MEDIA HOLDINGS LLC AND/OR ANY OTHER THIRD PARTY TO THE TRUSTEE**

CL Media Holdings LLC (d/b/a Wild Sky Media) ("Wild Sky"), by and through its undersigned counsel, hereby submits this objection to the *Chapter 7 Trustee's Motion for Entry of an Order Compelling the Turnover of the Debtors' Books and Records and Other Electronic Data of the Debtors in the Possession, Custody or Control of Wild Sky Media, CL Media Holdings LLC and/or Any Other Third Party to the Trustee* [Docket No. 15 in Case No. 19-10453 (SCC) and Docket No. 12 in Case No. 19-10454 (SCC)] (the "Turnover Motions"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Wild Sky is a privately held operating company. The Trustee seeks access to, and the unfettered right to disclose, virtually all financial information and emails related to Wild Sky's business (the "Confidential Materials"). The Confidential Materials include trade secrets,

customer lists, pricing, and other commercially sensitive information, the disclosure of which would be detrimental to Wild Sky's business given the competitive industry in which it operates.

2. The Confidential Materials were transferred from the Debtor to Wild Sky prior to the commencement of these chapter 7 cases. As such, the Confidential Materials are not property of the Debtors' estates and thus not subject to turnover under Bankruptcy Code section 542(a).

3. The Trustee's reliance on Bankruptcy 542(e) is equally misplaced. That section applies only to the Debtors' professionals that may be withholding information due to nonpayment of fees. Wild Sky is not, and never was, one of the Debtors' professionals.

4. In an effort to cooperate with the Trustee and avoid the unnecessary expense of motion practice, Wild Sky agreed to provide certain of the Confidential Materials to the Trustee subject to a reasonable NDA. Contrary to what the Trustee alleges, the proposed NDA does not provide Wild Sky with consent rights over the Trustee's use or disclosure of the Confidential Materials. Instead, the NDA provides a mechanism under which Wild Sky can request the Trustee to redact or file under seal the Confidential Materials. The Trustee ultimately rejected outright the notion of any NDA that would protect Wild Sky's interests.

## BACKGROUND

5. On February 13, 2019, each of the above-captioned Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6. The Trustee filed the Turnover Motions on April 11, 2019.

7. Pursuant to that certain Foreclosure Agreement, dated January 31, 2019, between the Debtors, Wild Sky, as Buyer, and Centre Lane Partners Master Credit Fund II, L.P., as administrative agent, among others (the "Foreclosure Agreement"), the Debtors and other related

entities transferred to Wild Sky certain assets, which are defined in the Foreclosure Agreement as the "Subject Assets."

8. The Subject Assets include, but are not limited to, all right, title, and interest in and to all of the assets of, among others, the Debtors, such as (i) all material documentation primarily related to the operation of Debtors' businesses, (ii) all available customer and user data related to the Debtors' businesses, (iii) all accounting software, (iv) all books and records of, among others, the Debtors, other than those subject to the attorney-client privilege and/or the attorney work-product doctrine; (v) all email addresses, and (vi) all employee files and accounts. The Confidential Materials are "Subject Assets." The Trustee does not appear to dispute this fact.

9. The Trustee seeks access to the NetSuite database and Google Suite. Netsuite houses Wild Sky's entire accounting system and contains all financial records for Wild Sky, such as detailed records for revenue, expenses, accounts receivable, and accounts payable. Google Suite is the email platform used by Wild Sky and all of its employees. As such, it contains every single email sent to and from individuals employed by Wild Sky.

## OBJECTION

### A. The Confidential Materials Are Not Property of the Estate

10. The Trustee first argues that the Confidential Materials are property of the Debtors' estates and thus subject to turnover under Bankruptcy Code section 542(a). Bankruptcy Code Section 541(a) provides that the bankruptcy estate consists of "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." Bankruptcy Code section 541(a)(6) also provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate . . . ."

11. Bankruptcy Code section 542(a) provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property."

12. The Confidential Materials are "Subject Assets" under the Foreclosure Agreement, and thus were transferred to Wild Sky prior to commencement of these chapter 7 cases. Accordingly, the Confidential Materials are not, and never have been, property of the Debtors' estates under Bankruptcy Code section 541, and are not subject to turnover under Bankruptcy Code section 542(a).

13. The Trustee also argues that the Confidential Materials constitute "[p]roceeds, product, offspring, rents, or profits *of or from property of the estate*" under Bankruptcy Code section 541(a)(2). By its very terms, section 541(a)(2) requires that the "[p]roceeds, product, offspring, rents, or profits" be "*of or from property of the estate*." A bankruptcy estate is not created until the petition is filed. The Confidential Materials were transferred to Wild Sky prior to the commencement of these chapter 7 cases. In other words, the Confidential Materials were never property of the Debtors' estates. Accordingly, there can be no "[p]roceeds, product, offspring, rents, or profits" of the Confidential Materials.

14. For the foregoing reasons, the Turnover Motions must be denied to the extent the Trustee seeks turnover under Bankruptcy Code section 542(a).

**B.  Wild Sky is Not an Entity That Can be Compelled to Turnover the Confidential Materials under Bankruptcy Code Section 542(e)**

15. The Trustee argues further that the Confidential Materials must be turned over under Bankruptcy Code section 542(e).

16. Bankruptcy Code section 542(e) provides that, "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turnover or disclose such recorded information to the trustee." For the reasons discussed below, section 542(e) is inapplicable to Wild Sky.

17. In *Official Committee of Unsecured Creditors of Verestar, Inc. v. American Tower Corp. (In re Verestar, Inc.)*, 343 B.R. 444, 471 (Bankr. S.D.N.Y. 2006), Judge Gropper described the limited purpose and scope of section 542(e). In *Verastar*, the official committee of unsecured creditors invoked 542(e) in connection with derivative litigation that it was pursuing on the debtor's behalf. Specifically, the Committee sought turnover relief against one of the defendants in an effort to obtain a full written accounting of the debtors' assets and certain transfers. Judge Gropper denied the requested relief, finding that "section 542(e) was intended by Congress to apply to [*a debtor's*] *professionals* holding certain documentation relating to a debtor's property or financial affairs." *Id.* (emphasis added). Thus, the Court held that "Section 542(e) does not reach parties such as [the defendant]." *Id.; see also In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803 (Bankr. S.D.N.Y. 2018) (requiring **debtors' prepetition accountant** to turnover documents pursuant to Bankruptcy Code section 542(e)); *In re Am. Metrocomm Corp.*, 274 B.R. 641 (Bankr. D. Del. 2002) (requiring **debtor's prepetition attorney** to turnover documents pursuant to Bankruptcy Code section 542(e)).

18. The scope of Bankruptcy Code section 542(e) is likely even narrower than Judge Gropper's interpretation. The legislative history confirms that:

> ***Subsection (e) requires an attorney, accountant, or other professional that holds recorded information relating to the debtor's property or financial affairs, to surrender it to the trustee. This duty is subject to any applicable claim of privilege,***

5

> *such as attorney-client privilege. It is a new provision that deprives accountants and attorneys of the leverage that they have today, under state law lien provisions, to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate.*

S. Rep. No. 95–989, p. 84 (1978); H.R. Rep. No. 95-595 pp. 369-370 (1977), *reprinted in* 1978 U.S.C.C.A.N. pp. 5787, 5870 (emphasis added). Accordingly, the scope of Bankruptcy Code section 542(e) is limited not only in its application to a debtor's professionals, generally. Rather, section 542(e) applies only when a debtor's professional refuses to turn over information because it has not been paid for prepetition services rendered to the debtor.

19. Wild Sky is not, and has never been, the Debtors' professional. As such, Bankruptcy Code section 542(e) is inapplicable to Wild Sky. For these reasons, the Turnover Motions must be denied.

WHEREFORE, for the foregoing reasons, Wild Sky respectfully request that the Court enter an order DENYING the Turnover Motions, and grant such other and further relief as the Court deems appropriate.

Dated: April 17, 2019
     New York, NY

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/ Darren Azman
Darren Azman
Ravi Vohra
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5615
Facsimile: (212) 547-5444
Email: dazman@mwe.com

*Counsel to CL Media Holdings LLC*