**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: ) Chapter 7
)
ROCKYOU, INC., ) Case No. 19-10453 (SCC)
)
        Debtor. )

---

In re: ) Chapter 7
)
MMJK, INC., ) Case No. 19-10454 (SCC)
)
        Debtor. )

---

**ORDER REGARDING CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER COMPELLING THE TURNOVER OF THE DEBTORS' BOOKS AND RECORDS AND OTHER ELECTRONIC DATA OF THE DEBTORS IN THE POSSESSION, CUSTODY OR CONTROL OF WILD SKY MEDIA, CL MEDIA HOLDINGS LLC AND/OR ANY OTHER THIRD PARTY TO THE TRUSTEE**

Upon the motion (the "Motion") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "Trustee"), of the bankruptcy estates of RockYou, Inc. and MMJK, Inc. (collectively, the "Debtors"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP ("LH&M"), seeking the entry of an Order in each of the Debtors' cases, pursuant to 11 U.S.C. § 365(d)(1) (the "Bankruptcy Code"), compelling the turnover of the Debtors' books and records and other electronic data of the debtors in the possession, custody or control of Wild Sky Media, CL Media Holdings LLC and/or any other third party to the Trustee; and upon the Court having conducted a hearing on the relief sought in the Motion on April 23, 2019 at 11:00 a.m. (the "Hearing"); it is hereby:

**ORDERED**, that the Motion is DENIED in its entirety; and it is further

**ORDERED**, that as a result of the Foreclosure Agreement (as defined in the Confidentiality & Nondisclosure Agreement (the "Agreement"), attached hereto as **Exhibit A**), the Debtors' books and records, in tangible or electronic form, are not subject to turnover under either Bankruptcy Code §§ 541(a) or 542(e) and are not property of the Debtors' estates; and it is further

**ORDERED**, that CL Media Holdings, LLC ("CL Media") shall be entitled to an administrative expense claim against the Debtors' estates under Bankruptcy Code section 503 for any knowing, intentional or willful breach of the Agreement by the Trustee, employees or agents of the Trustee, and any professionals retained by the Trustee; and it is further

**ORDERED**, that CL Media, and any party that CL Media authorizes, shall deliver to the Trustee all of the Debtors' books and records, in tangible or electronic form, that existed as of January 31, 2019, subject to the terms of the Agreement; and it is further

**ORDERED**, that this Court will retain jurisdiction over all matters arising from or related to the implementation or interpretation of the Agreement or this Order.

Dated:  June 4, 2019
       New York, NY

                                               /S/ Shelley C. Chapman
                                               HONORABLE SHELLEY C. CHAPMAN
                                               UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

Confidentiality & Nondisclosure Agreement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ROCKYOU, INC., | ) | Case No. 19-10453 (SCC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MMJK, INC., | ) | Case No. 19-10454 (SCC) |
| | ) | |
| Debtor. | ) | |

## CONFIDENTIALITY & NONDISCLOSURE AGREEMENT

This Confidentiality Agreement (the "**Agreement**"), dated May 6, 2019, is between CL Media Holdings LLC d/b/a Wild Sky Media ("**CL Media**") and Salvatore LaMonica, solely in his capacity as the chapter 7 trustee of RockYou, Inc. ("**RockYou**") and MMJK, Inc. ("**MMJK**" and, together with RockYou, the "**Debtors**") in the above-captioned chapter 7 bankruptcy cases (the "**Trustee**" and, together with CL Media, the "**Parties**") pending in the United States Bankruptcy Court, Southern District of New York (the "**Bankruptcy Court**"). The Parties hereby agree as follows:

### BACKGROUND

Pursuant to that certain Foreclosure Agreement, dated January 31, 2019, between the Debtors, CL Media, as Buyer, and Centre Lane Partners Master Credit Fund II, L.P., as administrative agent, among others (the "**Foreclosure Agreement**"), the Debtors and other related entities transferred certain assets, defined in the Foreclosure Agreement as the "Subject Assets," to CL Media. Under the Foreclosure Agreement, the Subject Assets do not include the Excluded Assets (as defined in the Foreclosure Agreement).

CL Media or third parties authorized by CL Media shall provide the Trustee with access to the books and records, in tangible or electronic form, of MMJK and RockYou that existed as of January 31, 2019 (the "**Books and Records**") in order to aid the Trustee in fulfilling his duties as Trustee in administering the Debtors' estates under the provisions of Title 11 of the United States Code (the "**Bankruptcy Code**"), including, but not limited to, the pursuit and prosecution of any and all claims and causes of action on behalf of the Debtors' estates, the marshaling and recovering of any and all assets, the termination of any employee benefit plans for which the

Debtors are plan administrators and analyzing, and if necessary objecting to, any claim filed in the Debtors' estates (the "**Permitted Purposes**"). The Parties desire to enter this Agreement to preserve the confidentiality of the Books and Records that relate to the Subject Assets (the "**Confidential Information**").

CL Media asserts that the Confidential Information, or any property from which requested Confidential Information is derived, is not property of the Debtors' estates under Bankruptcy Code § 541(a).

At the hearing on April 23, 2019, the Court stated on the record that the Subject Assets, including the Confidential Information or any property from which requested Confidential Information is derived, are not property of the Debtors' estates.

The Trustee respectfully disagrees with the position that the Confidential Information, or any property from which the requested Confidential Information is derived, is not property of the Debtors' estates under Bankruptcy Code § 541(a).

## AGREEMENT

1. **Confidentiality Obligations**. As a condition to the Trustee receiving the Confidential Information, the Trustee shall:

    a. Keep in strict confidence all Confidential Information;

    b. Not use the Confidential Information for any purpose other than the Permitted Purpose;

    c. Limit access to Confidential Information to employees or agents of the Trustee and any professionals retained by the Trustee on behalf of the Debtors' estates who have a need to know to carry out the Permitted Purpose and who have been advised of the obligation to maintain the confidentiality of the Confidential Information; and

    d. Use commercially reasonable security measures designed to ensure the security and confidentiality of the Confidential Information.

2. **Exceptions to Confidentiality.**

    a. <u>Excluded Information</u>. Information is not considered Confidential Information if: (i) the information is or becomes publicly available other than as a result of a breach of this Agreement; (ii) the information is disclosed to the Trustee by a third party not subject to any obligation of confidentiality; (iii) the information was already known to the Trustee prior to entering into negotiations or discussions related to this Agreement; or (iv) the information is independently developed by the Trustee without reference to the Confidential Information disclosed under this Agreement.

    b. <u>Required Disclosures</u>. The Trustee may disclose Confidential Information if the disclosure is required by law, such as pursuant to: (i) a subpoena, court order, banking regulator or judicial process; (ii) federal or state law or regulation; or (iii) rules or regulations of

a government agency. The Trustee shall, unless prohibited by law, promptly notify CL Media of the terms and circumstances of the required disclosure and not oppose any efforts by CL Media to prevent or limit such disclosure.

3. **Use of Confidential Information.** The Trustee shall notify counsel to CL Media, Darren Azman (dazman@mwe.com), via email, at least five (5) business days prior to the Trustee's intended disclosure of any Confidential Information, including, but not limited to, prosecuting or defending any action on behalf of the Debtors, the estates or any entity related to the Debtors in any court or other proceeding (the "**Proposed Use**"). No later than three (3) business days after CL Media's receipt of the Trustee's Proposed Use request, CL Media shall inform the Trustee whether CL Media consents to the Trustee's Proposed Use. If CL Media does not consent to the Trustee's Proposed Use, the Trustee and CL Media shall confer in an effort to reach a consensual resolution, such as redacting portions of the Confidential Information or filing the Confidential Information under seal under the Federal Rules of Bankruptcy Procedure. In no event shall the Trustee disclose the Confidential Information until the issue is resolved consensually between the Trustee and CL Media or otherwise resolved by an order of the Bankruptcy Court.

4. **Ownership and Return of Confidential Information.** This Agreement shall not be construed as a grant or assignment of any right or license in the Confidential Information. All Confidential Information shall remain the property of CL Media.

5. **Costs of Producing Confidential Information.** The Trustee and the Debtors' estates shall be responsible for the cost of producing, accessing, storing, and using any Confidential Information, and the Trustee and the Debtors' estates shall reimburse CL Media to the extent CL Media incurs costs in connection with producing any Confidential Information to the Trustee. Prior to incurring any such costs, CL Media shall provide advance written notice to the Trustee with an estimate of such costs. CL Media shall not incur such costs unless the Trustee consents and agrees to reimburse CL Media for such costs in writing.

6. **No Representations.** The Trustee acknowledges that CL Media does not make any representation as to the accuracy of the Confidential Information, and that CL Media shall have no liability to the Trustee as a result of the Trustee's use of the Confidential Information.

7. **Entire Agreement; Severability.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter addressed herein. This Agreement may not be amended or modified except by writing signed by both Parties. If any provision of this Agreement is found, held, or deemed by a court of competent jurisdiction to be void, unlawful, or unenforceable under any applicable statute or controlling law, the remainder of the Agreement shall continue in full force and effect.

8. CL Media shall be entitled to seek specific performance and injunctive relief and shall be entitled to a chapter 7 administrative claim in the Debtors' estates if the Trustee, employees or agents of the Trustee, and any professionals retained by the Trustee on behalf of the Debtors' estates knowingly, intentionally or willfully breach this Agreement. CL Media shall be entitled to seek injunctive relief and a general unsecured claim against the Debtors'

estates for any other breach by the Trustee, employees or agents of the Trustee, and any professionals retained by the Trustee.

9. This Agreement shall be governed by the laws of the State of New York excluding its conflicts of laws rules.

10. The Parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, this Agreement, including, but not limited, the use of the Confidential Information.

11. Subject to paragraph 5, CL Media shall execute such documents, authorizations and/or consents as may be needed to allow the Trustee access to any Confidential Information that is in the possession of any third parties.

[SIGNATURE PAGE FOLLOWS]

AGREED TO BY:

Dated: May 6, 2019
    New York, New York

*s/ Darren Azman*
Darren Azman
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: dazman@mwe.com

*Attorneys for CL Media Holdings LLC*


*s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
jsl@lhmlawfirm.com

*Attorneys for Chapter 7 Trustee Salvatore LaMonica*