# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**ROCKYOU, INC.**<br><br><br><br>**Debtor.** | **Case No. 19-10453-scc**<br><br>**Chapter 7** |

### ORDER GRANTING LISA MARINO'S MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT USE OF PROCEEDS UNDER INSURANCE POLICY OR, IN THE ALTERNATIVE, DETERMINING THAT THE PROCEEDS ARE NOT PROPERTY OF THE DEBTOR'S ESTATE

This matter having come before the Court on the Motion of Lisa Marino for an Order (I) Modifying the Automatic Stay for Cause to Permit Use of Proceeds Under Insurance Policy or, in the Alternative, (II) Determining that the Coverage Under the Insurance Policy for Defense Costs Is not Property of the Debtors Estates (the "Motion"), and Salvatore LaMonica, Esq., solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the RockYou, Inc. and MMJK estates (collectively, the "Debtors"), having no objection to the relief sought in the Motion, and the Court having found that notice of the Motion and the Hearing was sufficient under the circumstances, and any objections to the Motion having been considered, and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, its estate and its creditors, and good and sufficient cause having been shown;

IT IS HEREBY ORDERED:

1. The Motion is granted as provided herein.[1]

2. The automatic stay imposed by Bankruptcy Code § 362(a) is hereby modified, to the extent it applies, to permit Chubb North American Claims, the claims administrator for Westchester Fire Insurance Company (collectively, "Chubb"), to make the Settlement Payment (as defined in the Motion) and to pay Ms. Marino's defense costs covered under the EPLI insurance policy, no. G25140461 002 ("EPL Policy"), and to take all actions necessary to effectuate the relief granted pursuant to this Order.

3. Chubb is hereby authorized to pay Ms. Marino's costs of defense relating to the Lawsuit (whether previously incurred or incurred in the future) in accordance with the terms, conditions, and exclusions of the EPL Policy.

4. The Settlement Payment by Chubb of any amounts under the EPL Policy shall not be considered a violation of the automatic stay, nor shall such proceeds be considered property of the Debtors' estates.

5. The Settlement Payment and related cost and fees, if any, shall be paid strictly from the EPL Policy.

6. The Trustee reserves all rights and claims of whatever kind or nature on behalf of the Debtors' estates in connection with any claims filed against the Debtors' estates relating to the Lawsuit.

7. Nothing in this Order constitutes a determination of coverage or of any right to payment under the EPL Policy and nothing herein modifies or alters the terms, conditions and exclusions of the EPL Policy, or the rights, obligations or defenses of the Debtors or Chubb under

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning ascribed to such terms in the Motion.

the EPL Policy, any documents relating to coverage thereunder, and applicable non-bankruptcy law.

8. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), or other applicable law, this Order shall not be stayed, and shall be effective immediately upon its entry.

9. The Court retains jurisdiction with respect to all matters from or related to the interpretation or implementation of this Order.

Dated: New York, New York
September 26, 2019

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE