**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

ROCKYOU, INC.

                Debtor.

-------------------------------------------------------------------x
In re:

MMJK, INC.

                Debtor.

-------------------------------------------------------------------x

Chapter 7
Case No. 19-10453 (SCC)

Chapter 7
Case No. 19-10454 (SCC)

**TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF,
<u>CR3 PARTNERS LLC</u>**

**TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE**

      Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "<u>Trustee</u>") of the RockYou Inc. ("<u>RockYou</u>") and MMJK, Inc. ("<u>MMJK</u>", along with RockYou are collectively the "<u>Debtors</u>"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "<u>Motion</u>"), seeking the entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directing the production of documents by CR3 Partners LLC (the "<u>CR3 Partners</u>") and the examination of a representative, employee or agent designated by CR3 Partners, who possesses personal knowledge regarding the Debtors' operation during CR3 Partners' engagement prior to the bankruptcy filing (the "<u>Witness</u>") as set forth in the proposed Order (the "<u>2004 Order</u>") annexed hereto as **Exhibit "A"**, and for such other, further and

related relief as this Court may deem just and proper, and respectfully represents and alleges as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 2004.

**RELEVANT BACKGROUND**

**A.     Procedural Background**

3. On February 13, 2019 (the "Filing Date"), each of the Debtors filed voluntary petitions for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. I was appointed as the interim Chapter 7 Trustee of the Debtors' estate, have since duly qualified and I am the permanent Trustee administering these estates.

5. The Meeting of Creditors pursuant to Bankruptcy Code § 341 took place on March 20, 2019 (the "341 Meeting").

6. The last day to file claims in the Debtors' estates was August 8, 2019.

**B.     The Friendly Foreclosure of the Debtors' Assets**

7. On or about December 21, 2017, the Debtors and Centre Lane Partners Master Credit Fund II, L.P. ("Center Lane") entered into a certain Senior Secured Credit Agreement, and multiple amendments (collectively, the "Credit Agreement") whereby Center Lane made loans and other financial accommodations to, or for the benefit of the Debtors (all such loans and other

financial accommodations are referred to as the "Loans"), and in exchange Center Lane took a first priority security interest in substantially all of the Debtors' assets.

8. Prior to the Filing Date and the execution of the Foreclosure Agreement (defined below), Center Lane hired Christopher Creger, a Director at CR3 Partners, as interim Chief Executive Officer ("CEO") to operate the businesses of the Debtors and its related entities[1].

9. On January 12, 2019, the Center Lane sent the Debtors a preliminary foreclosure proposal whereby Center Lane would acceptance its collateral in partial satisfaction of the Debtors' obligations under the Credit Agreement.

10. In furtherance of the foreclosure proposal, the Debtors agreed to sell, assign and transfer substantially all of the Debtors' assets to CL Media Holdings LLC d/b/a Wild Sky ("Wild Sky"), as Center Lane's designee, in partial satisfaction of the Debtors' obligations under the Credit Agreement.

11. Thereafter, on January 31, 2019, the Debtors, Wild Sky and Centre Lane entered into a Foreclosure Agreement whereby Wild Sky allegedly foreclosed on the Debtors' assets in exchange for a reduction of $10,000,000 of the Debtors' obligation to Center Lane under the Credit Agreement (the "Foreclosure Agreement").

12. Michael P. Caruso signed the Foreclosure Agreement on behalf of the Debtors and their related entities as Chief Executive Officer.

13. Upon information and belief, Michael P. Caruso is an employee of CR3 Partners.

---

[1] It is also worth noting that Mr. Creger appeared at the 341 Meeting on behalf of the Debtors and stated that he was the interim CEO of the Debtor entities.

C.  **Non-Disclosure Agreement with CL Media d/b/a Wild Sky**

14. On or about April 17, 2019, the Court conducted a hearing on the Trustee's Motion to Compel the Turnover of Books and Records in possession, custody or control of Wild Sky or any other third party, and Wild Sky's related objection.

15. As part of a resolution of the Trustee's motion, the Trustee and Wild Sky entered into a non-disclosure agreement on or about June 4, 2019 (the "NDA") whereby Wild Sky was to deliver to the Trustee all of the Debtors' books and records, in tangible or electronic form, that existed as of the Foreclosure date—January 31, 2019.

16. Since entering into the NDA, the Trustee, through tremendous effort, has received some of the Debtors' records, but not all—*i.e.* any correspondence between CR3 Partners, the Debtors, Center Lane and Wild Sky. To that end, on or about August, 2019, the Trustee, through counsel sent CR3 Partners a letter giving CR3 Partners notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on CR3 Partners computers and storage media (*e.g.*, servers or cloud platforms), including without limitation, all e-mails which may be stored on third-party servers or internet services, relating to CR3 Partners involvement with the Debtor entities.

17. Accordingly, the Trustee seeks the relief sought herein so that he can obtain a complete copy of the Debtors' books and records.

**RELIEF REQUESTED AND BASIS THEREOF**

18. This Motion is made pursuant to Bankruptcy Rule 2004 for the entry of the proposed 2004 Order directing the production of documents by CR3 Partners and the examination of a Witness, who possesses personal knowledge regarding the Debtors' operation during CR3 Partners' engagement prior the Filing Date and for related relief.

19. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." FED. R. BANKR. P. 2004(a), (b); *see In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); *Martin v. Keybank of New York*, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)).

20. The District Court for the Eastern District of New York described Bankruptcy Rule 2004 as follows:

> The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred. . . In addition, *FRBP 2004* is used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.

*In re Corso*, 328 B.R. at 383 (citation omitted); *see In re CENA's Fine Furniture, Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); *In re Atlantis B.V.*, Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); *In re Parikh*, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

21. The Trustee, with the assistance of his retained professionals, analyzed the financial information delivered by Wild Sky and determined that it is imperative to obtain the documents relating to CR3 Partner's operations of the Debtors' businesses leading up to the foreclosure of its assets. To accomplish this, the Trustee must be afforded an opportunity to review the requested documents and examine a Witness from CR3 Partners, who possesses personal knowledge regarding the Debtors' business operations during CR3 engagement, including, but not limited to, the sale of some of its assets, the foreclosure of other assets and eventually the shutdown of their operations.

22. Therefore, the Trustee submits that this Motion is necessary and appropriate for the administration of these estates.

23. Under the proposed 2004 Order, responsive documents are to be turned over to the Trustee's counsel in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004(c). The Trustee intends to issue the subpoena and shall provide CR3 Partners no less than twenty-one (21) days for the production of documents following service of the subpoena.

24. Further, the Witness is directed to appear for an examination under Bankruptcy Rule 2004 on the date set forth in the Subpoena, which appearance shall not be less than thirty (30) days after the issuance and service of the Subpoena. Service of the Order and the Subpoena by certified mail upon the CR3 Partners in accordance with Federal Rule of Civil Procedure 45 be deemed good and proper service.

25. By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Order and for such other and further relief as this Court deems just and proper.

Dated: March 17, 2020
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Attorneys for the Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
     Jacqulyn S. Loftin, Esq.
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Telephone: 516.826.6500