Michelle E. Shriro
Todd A. Hoodenpyle
SINGER & LEVICK, PC
16200 Addison Road, Suite 140
Addison, TX 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

**Counsel to CR3 Partners, LLC**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ROCKYOU, INC.** | § | **Case No. 19-10453 (SCC)** |
| | § | |
| Debtor. | § | |

_____

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **MMJK, INC.** | § | **Case No. 19-10454 (SCC)** |
| | § | |
| Debtor. | § | |

_____

**OBJECTION TO TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF, CR3 PARNTERS LLC PURSUANT TO RULE 2004**

**TO THE CLERK OF THE BANKRUPTCY COURT:**

  **COMES NOW** CR3 Partners LLC, by and through its counsel, Singer & Levick, P.C., and files this, its *Objection to Trustee's Motion Seeking the Entry of an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Directing the Production of Documents by, and for*

*the Examination of, CR3 Partners LLC* ("**Objection**") and, in support of same, would respectfully show as follows:

## I.

## BACKGROUND

1. On February 13, 2019 ("**Petition Date**"), Debtor RockYou, Inc. ("**RockYou**") and Debtor MMJK, Inc. ("**MMJK**") each filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code ("**Bankruptcy Code**").

2. CR3 Partners LLC ("**CR3**") was retained by RockYou prior to the Petition Date to provide financial advisory services including serving in various officer capacities.

3. On March 17, 2020, Salvatore LaMonica, the Chapter 7 Trustee ("**Trustee**") for the Estate of RockYou and the Estate of MMJK, filed his *Motion Seeking the Entry of an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Directing the Production of Documents by, and the Examination of, CR3 Partners LLC* ("**Motion**") in each of the Debtors' cases: (Dkt.090 – RockYou case) (Dkt.054 – MMJK case).

## II.

## OBJECTION AND BASIS THEREFOR

4. CR3 does not generally oppose the Trustee's request for production of documents or producing a corporate representative for an examination under Rule 2004. However, CR3 has several substantive and procedural concerns which need to be addressed either in the Order granting this Motion or, alternatively, as a reservation of CR3's rights to object to any subpoena for documents or an examination issued pursuant to the Order. As a threshold matter, CR3 was

not served with the Motion but rather obtained it through counsel for one of the other parties in the case.[1]

5. Initially, the Motion is procedurally deficient as the Trustee is requesting an Order "directing" the production of specific documents rather than simply seeking authority to issue a subpoena as provided under Rule 2004(c) and 9016 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE. If the Trustee's proposed language "directing" the production is approved in an entered Order, this language could potentially deprive CR3 of its rights to object to the specific items as allowed by the FEDERAL RULES OF CIVIL PROCEDURE as made applicable by the FEDERAL RULES OF BANKRUPTCY PROCEDURE. Counsel for CR3 has been in contact with counsel for the Trustee to narrow the time period to the period during which CR3 was retained (October 6, 2018 through February 3, 2019) and the scope of various requests, and hopefully the parties will be able to reach a consensual resolution. However, in the meantime, CR3 requests that the language "directing production" of specific documents be removed and, instead, the Order should provide that the Trustee be authorized to issue a subpoena under Rule 9016 to compel production, and that CR3's rights to object to specific document requests, as well as the examination, are preserved. If this process is followed, then CR3 will be able to preserve its other objections concerning breadth, confidentiality and privilege.

6. Second, the requested documents or, alternatively, the information set forth in such documents, appear to be property of another party, CL Media Holdings, LLC ("**CL Media**") and subject to an existing Protective Order already issued by this Court, as well as confidentiality obligations in CR3's own engagement letter and the attorney-client and work product privileges.

---

[1] There is no Certificate of Service either attached to the Trustee's Motion or filed as a separate document on the Docket so CR3 cannot verify that there was any attempt to serve CR3. The original objection deadline was March 30, 2020 and the Trustee's counsel granted CR3 an extension on the objection deadline through April 6, 2020 at 12 noon.

On June 4, 2019, this Court entered the *Order Regarding Chapter 7 Trustee's Motion for Entry of an Order Compelling the Turnover of the Debtors' Books and Records and Other Electronic Data of the Debtors in the Possession, Custody or Control of Wild Sky Media, CL Media Holdings, LLC and any Other Third Party* ("**Protective Order**").[2] As set forth in the Protective Order, the Debtors' books and records are not property of the Debtors' Estates but rather belong to CL Media. Much of the information that the Trustee has requested, such as the Debtors' tax returns, financial information and correspondence, are the Debtors' books and records which appear to belong to CL Media and not the bankruptcy estates.

7. The Trustee has asserted that the information and documents in the possession of CR3 are subject to a third-party exception to confidentiality as provided in paragraph 2a of the *Confidentiality and Nondisclosure Agreement* ("**NDA**") attached to the Protective Order. However, paragraph 2a only provides an exception to confidentiality for information that is disclosed to the Trustee by a third party **not subject to any obligation of confidentiality**." Since CR3 has confidentiality provisions in its own engagement letter, this exception to confidentiality is not applicable. Also, some of the requested information may also be subject to the attorney-client and work product privileges.

8. At a minimum, there is a dispute between the Trustee and CL Media concerning the applicability of the Protective Order to the requested documents. CR3 has discussed this dispute with counsel for both the Trustee and CL Media. CR3 is concerned that its production of the documents may be violative of the Order of the Court already in place and needs some guidance from the Court as to whether such documents should be produced at all or whether the production should be subject to the existing Protective Order with the attached NDA. The simplest way to

---

[2] See Docket No 40 in the RockYou case.

**OBJECTION TO MOTION FOR THE PRODUCTION OF
DOCUMENTS BY, AND EXAMINATION OF, CR3 PARTNERS LLC** **Page 4**

resolve this matter may be for CR3 to simply produce documents consistent with the existing NDA.

9. Third, the Order requires a representative with "personal knowledge regarding the Debtors' operation during CR3 Partners' engagement." Most of the CR3 personnel who worked on this engagement are no longer with CR3. Accordingly, CR3 has requested that the Order be revised to address CR3's concerns and to comply with FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6). The Trustee refused to remove the language concerning producing a witness with personal knowledge and revise the language to comply with FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6).

## III.

## CONCLUSION

10. In conclusion, CR3 requests that the Trustee be authorized to issue the subpoena subject to striking the language in the proposed Order that "directs" CR3 to produce documents. In addition, any production should be subject to the existing Protective Order and NDA, and that CR3 be authorized to produce a corporate representative pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6).

**WHEREFORE,** CR3 Partners LLC respectfully prays that the Court grant the request for an Order authorizing the Chapter 7 Trustee to subpoena the production of documents by CR3, and the examination of CR3, consistent with the relief requested herein, and for such other and further relief as it may show itself, or as the Court may deem, to be just and proper.

**DATED: April 6, 2020**

Respectfully submitted,

**SINGER & LEVICK, P.C.**

By:    /s/ Michelle E. Shriro
      Michelle E. Shriro
      State Bar No. 18310900
      Todd A. Hoodenpyle
      State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com
Email: hoodenpyle@singerlevick.com

**ATTORNEYS FOR:**
**CR3 PARTNERS, LLC**

# CERTIFICATE OF SERVICE

       I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and to the parties listed below via electronic mail if known, or via first-class mail, postage prepaid, on this 6th day of April, 2020.

| **COUNSEL TO CHAPTER 7 TRUSTEE:**<br>Jacqulyn S. Loftin<br>LaMonica Herbst & Maniscalco, LLP<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Email: jsl@lhmlawfirm.com | **CHAPTER 7 TRUSTEE:**<br>Salvatore LaMonica<br>LaMonica Herbst & Maniscalco, LLP<br>3305 Jerusalem Avenue<br>Wantagh, NY 11793<br>Email: sl@lhmlawfirm.com |
|---|---|
| **COUNSEL TO THE DEBTORS:**<br>Nathan S Greenberg<br>McGuireWoods LLP<br>1251 Avenue of the Americas, 20th Floor<br>New York, NY 10020<br>Email: ngreenberg@mcguirewoods.com | **US TRUSTEE:**<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 |

    /s/ Michelle E. Shriro
    Michelle E. Shriro