UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

ROCKYOU, INC.

        Debtor.

---------------------------------------------------------------x
In re:

MMJK, INC.

        Debtor.

---------------------------------------------------------------x

Chapter 7
Case No. 19-10453 (SCC)

Chapter 7
Case No. 19-10454 (SCC)

## ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION AND TURNOVER OF DOCUMENTS BY, AND THE EXAMINATION OF, LISA MARINO, THE DEBTORS' FORMER CHIEF EXECUTIVE OFFICER

Upon the motion (the "Motion") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the RockYou Inc. ("RockYou") and MMJK, Inc. ("MMJK", along with RockYou are collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP ("LHM"), seeking the entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of documents by, and the examination of, Lisa Marino, the Debtors' former Chief Executive Officers (the "Witness") and for such other, further and related relief as this Court may deem just and proper; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that, pursuant to Bankruptcy Rule 2004, the Motion is approved as set forth herein; and, it is further

**ORDERED**, that, pursuant to Bankruptcy Rule 9016, LHM, as officers of the Court, are authorized and directed to issue a subpoena (the "Subpoena") to the Witness directing the production of documents set forth more fully below in accordance with Rule 45 of the Federal Rules of Civil Procedure; and, it is further

**ORDERED**, that the Witness is directed to produce for examination and inspection, by electronic means when possible as set forth in the Subpoena, the following records, documents and electronic files that are in her possession, custody and control:

(i) All books and records of, or relating to, the Debtors;

(ii) All files, memos and reports prepared by any employee, representative, director and/or any other officer of the Debtors relating to the sale of any of the Debtors' assets;

(iii) Listing of all parties expressing interest in purchasing the Debtor (whether in part or in whole) during the period from January 1, 2015 through the Filing Date, including, but not limited to, any offers and letters of intent;

(iv) All files, memos and reports prepared by any employee, representative, director and/or any other officer of the Debtors, CR3 Partners, LLC ("CR3 Partners"), Centre Lane Partners Master Credit Fund II, L.P. ("Center Lane") and CL Media Holdings LLC d/b/a Wild Sky ("Wild Sky") relating to the Foreclosure Agreement by and among the Debtors, Centre Lane and Wild Sky dated January 31, 2019;

(v) All files, memos and reports prepared by any employee, representative, director and/or any other officer of the Debtors, CR3 Partners, Center Lane and/or Wild Sky related to the general release agreement between the Debtors and Witness entered into in January, 2019;

(vi) All files, memos and reports prepared by any employee, representative, director and/or any other officer of the Debtors, CR3 Partners, Center Lane and/or Wild Sky

related to the any funds received by the Debtors and Witness in connection with termination of the Witness' employment;

(vii) All files, memos and reports prepared by any employee, representative, director and/or any other officer of the Debtors, CR3 Partners, Center Lane and/or Wild Sky related to the general release between the Debtors and the Witness entered into in January, 2019;

(viii) Cash flow projections, including assumptions and support, provided to Hilco Enterprise Valuation Services, LLC in connection with their December 31, 2018 valuation of the RockYou, Inc. intellectual property;

(ix) All files, memos and reports relating to the Debtors' accounts payable and receivable, that the Witness has in her custody, possession and/or control;

(x) All files relating to the Debtors' accounts payable and receivable, that the Witness has in her custody, possession and/or control;

(xi) Copies of all documents, notes (internal or external) and correspondence including, but not limited to, memos, letters, electronic mails, text messages and/or any other electronically stored information, to and from any employee, representative, agent, director and/or officer of the Debtors relating in any way to the Debtors;

(xii) Copies of all documents, notes (internal or external) and correspondence including, but not limited to, memos, letters, electronic mails, text messages and/or any other electronically stored information, to and from any employee, representative, agent, director and/or officer of CR3 Partners relating in any way to the Debtors;

(xiii) Copies of all documents, notes (internal or external) and correspondence including, but not limited to, memos, letters, electronic mails, text messages and/or any other electronically stored information, to and from any employee, representative, agent, director and/or officer of Centre Lane relating in any way to the Debtors;

(xiv) Copies of all documents, notes (internal or external) and correspondence including, but not limited to, memos, letters, electronic mails, text messages and/or any other electronically stored information, to and from any employee, representative, agent, director and/or officer of Wild Sky relating in any way to the Debtors;

(xv) Such other documents reasonably requested by the Trustee relating the Debtors contained in the Motion that the Witness has in her custody, possession and/or control;

(xvi) Index of documents maintained in a public storage facility in San Francisco, California;

(xvii) Index of documents uploaded to the Debtors' RackSpace account and subsequently transferred to WildSky; and

(xviii) Index of documents uploaded to the Debtors' G-Suite platform and DropBox account.

and, it is further

**ORDERED**, that twenty-one (21) days' notice for the production of the records, documents and electronic files set forth above shall be deemed good and sufficient notice of the production of such records, documents and electronic files; and, it is further

**ORDERED**, that the Witness is directed to appear for a virtual or telephonic examination under Bankruptcy Rule 2004 on the date set forth in the Subpoena, which appearance shall not be less than thirty (30) days after the issuance and service of the Subpoena; and, it is further

**ORDERED,** that any documents or items produced under this Order shall be subject to the Court's Order Chapter 7 Trustee's Motion for Entry of an Order Compelling the Turnover of the Debtors' Books and Records and Other Electronic Data of the Debtors in the Possession, Custody or Control of Wild Sky Media, CL Media Holdings, LLC and/or Any Other Third Party to the Trustee, and the Confidentiality & Nondisclosure Agreement [Dkt. 40]; it is further

**ORDERED,** the Trustee, through counsel, shall notify CL Media Holdings, LLC d/b/a Wild Sky Media, through counsel, of the date and time of the deposition of the Witness no later than three (3) business days before so that the parties can meet and confer; and, it is further

**ORDERED**, that service of a copy of this Order and the Subpoena by certified mail upon the Witness and her counsel (if known) shall be deemed good and proper service of this Order and the Subpoenas; and

**ORDERED,** that the Trustee is authorized and empowered to expend such funds and to execute and deliver any and all documents as reasonably necessary to implement the terms of this Order.

Dated: May 1, 2020
       New York, New York

                                            /S/ Shelley C. Chapman
                                            Honorable Shelley C. Chapman
                                            United States Bankruptcy Court