LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
Telephone: 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ROCKYOU, INC

     Debtor.
------------------------------------------------------------x

Chapter 7
Case No. 19-10453 (SCC)

### APPLICATION OF THE CHAPTER 7 TRUSTEE TO APPROVE THE RETENTION OF AMINI LLC, AS HIS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), *NUNC PRO TUNC* TO OCTOBER 5, 2020

The application ("Application") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of RockYou, Inc. ("Debtor"), by his undersigned counsel, hereby submits this application for entry of an Order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, approving the retention of Amini LLC ("Amini"), as the Trustee's special litigation counsel in this case, *nunc pro tunc* to October 5, 2020. In support of the Application, the Trustee submits the Declaration of Avery Samet, Esq., an Executive Officer of Amini ("Samet Declaration"), and respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## PROCEDURAL AND FACTUAL BACKGROUND

3. On February 13, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in this Court.

4. Salvatore LaMonica was appointed as the Chapter 7 Trustee of the Debtor's estate, has since duly qualified, and is the permanent Trustee administering the Debtor's estate.

5. The Debtor was a California based company founded in 2005. The Debtor developed various applications for social networks. In 2014, the Debtor then purchased rights to classic video games, which were incorporated into game ads and then distributed such games.

6. On or about December 21, 2017, the Debtors and Centre Lane Partners Master Credit Fund II, L.P. ("Centre Lane") entered into a certain Senior Secured Credit Agreement, and multiple amendments (collectively, the "Credit Agreement"), whereby Centre Lane made secured loans and other financial accommodations to, or for the benefit of the Debtor.

7. The Debtor sold assets relating to its gaming portfolio to PopReach Inc. pursuant to an Asset Purchase Agreement, dated as of December 23, 2018. Pursuant to a related letter agreement, the Debtor assigned its right to contingent, future payments under the Asset Purchase Agreement to Centre Lane.

8. On or about January 31, 2019, Centre Lane assigned loans outstanding under the Credit Agreement to an affiliate, CL Media Holdings LLC (d/b/a Wild Sky Media), which consummated a "friendly" foreclosure of substantially all of the Debtor's remaining assets in consideration for a $10 million reduction of the outstanding debt.

## BASIS FOR RELIEF REQUESTED

9. Amini's services are necessary in order to enable the Trustee to faithfully execute his duties and responsibilities. Amini is willing to act on the Trustee's behalf as his special litigation counsel on the terms and conditions set forth below. Subject to further Order of this Court and without limitation, Amini will render the following services to the Trustee and the Debtor's estate (collectively, the "Services"):

   i. investigate the filing of the bankruptcy case;

   ii. investigate the payment and termination of certain employees;

   iii. investigate the conduct of the Debtor's officers, directors, professionals, and investors;

   iv. investigate pre-petition transactions, including, but not limited to, the foreclosure of certain assets of the Debtor; and

   v. pursue (by settlement, suit or otherwise) any resulting claims and causes of action as directed by the Trustee

10. It is anticipated that as part of the Services Amini will, _inter alia_, conduct formal and informal discovery and, depending on the outcome of its investigation, commence actions and/or engage in settlement negotiations on behalf of the Trustee.

11. Amini specializes in complex business litigation, including bankruptcy and trial work and has experience representing Chapter 11 and Chapter 7 Trustees as special litigation counsel. The attorneys at Amini have represented numerous panel trustees in this district and around the country in connection with investigations into the financial affairs of debtors and litigations arising from the same. Accordingly, the Trustee hereby requests entry of an Order approving the retention of Amini as his special litigation counsel in this case.

**EMPLOYMENT TERMS**

12. Subject to the Court's approval, the Trustee proposes to retain Amini on a hybrid hourly-contingency fee basis, with Amini's hourly fees for its Services capped at $50,000 (with a 10% discount from its customary hourly rates) plus a contingency fee of 33-1/3% of any recoveries resulting from the Services.

13. The contingency fee will be calculated after (i) deducting any expense reimbursements owed to Amini, as discussed below, and (ii) deducting any hourly fees already paid (or to be paid if allowed by the Court pursuant to a proper application) to Amini. Amini will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee on a similar hybrid basis: Amini will initially cap its investigation expenses from the estates for expense reimbursement at $5,000, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Amini will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained for the Trustee. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Amini be required to advance an individual expense exceeding $5,000 and in no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

14. With respect to the hourly portion of Amini's retention, Amini will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as discounted by 10%. Amini's current hourly rates

4

are set forth in the Samet Declaration, and the Trustee submits that such rates are reasonable and customary. Again, Amini's hourly fees will be capped at $50,000.

15. With respect to the contingency fee portion of Amini's retention, Amini will earn a contingency fee in the amount of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise, which the Trustee directs Amini to pursue on behalf of the Debtor's estate (calculated after deducting any expense reimbursements owed to Amini and thereafter reduced by any hourly fees already paid to Amini for services relating to the investigation).

16. To the extent that Amini's Services results in a reduction of claims asserted against the Debtor's estate, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

17. Amini shall seek compensation for services and reimbursement of expenses in accordance with Bankruptcy Rule 2016(a), and Local Bankruptcy Rules 2016-1 and 2016-2.

18. Amini has not agreed nor will it agree to share compensation received in connection with this case with any other person, except at permitted by Bankruptcy Code § 504(b).

## **DISINTERESTEDNESS**

19. As set forth in the Samet Declaration, Amini conducted a search of its client database to determine whether Amini had any relationship with the Debtor or its respective affiliates or officers, insiders or creditors. Among other things, Amini compared the Debtor's schedules D and E/F, the Debtor's statements of financial affairs, and the claims register in this case with Amini's client database. Based on that review, Amini informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtor's estate.

20. Amini has also informed the Trustee that it has no connection with the Debtor, its creditors or other parties in interest in this case. As such, the Trustee believes that Amini is "disinterested" as that term is defined in Bankruptcy Code § 101(14).

21. As set forth in the Samet Declaration, Amini has represented Salvatore LaMonica, solely in his capacity as Trustee, in other matters unrelated to this case in his capacity as a Chapter 7 Trustee.

### BEST INTERESTS OF THE ESTATES

22. Bankruptcy Code § 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). The fees and expenses to be paid to Amini and terms of employment, as set forth herein and the Samet Declaration, are reasonable given the scope and extent of the Services Amini will render in this case. Accordingly, the Trustee submits that Amini's retention is in the best interests of the Debtor's estate and its creditors.

23. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully request that the Court enter an Order, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 16, 2020
      Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, Trustee

*s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Member
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500