UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:

ROCKYOU, INC.,

                  Debtor.

----------------------------------------------------------------x

Chapter 7
Case No. 19-10453 (SCC)

### DECLARATION OF AVERY SAMET, ESQ. IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN AMINI LLC AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), <u>NUNC PRO TUNC TO OCTOBER 5, 2020</u>

AVERY SAMET, declares as follows pursuant to 28 U.S.C. § 1746:

1.      I am an attorney duly admitted and in good standing to practice before the United States District Court for the Southern District of New York. I am a member of the firm of Amini LLC ("<u>Amini</u>"). My firm maintains offices for the practice of law at 131 W 35th Street, 12th Floor, New York, New York 10001.

2.      I make this Declaration pursuant to 11 U.S.C. §§ 327(a) and 328(a) (the "<u>Bankruptcy Code</u>") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") in support of the application ("<u>Application</u>") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of RockYou, Inc. ("<u>Debtor</u>"), for entry of an Order approving the retention of Amini as special litigation counsel to the Trustee, nunc pro tunc to October 5, 2020.

3.      Pursuant to the Application, the Trustee seeks to employ Amini as his special litigation counsel to investigate (whether by settlement or suit or otherwise) claims and causes relating to issues, including but not limited to: (i) the filing of the bankruptcy case; (ii) the payment and termination of certain employees; (iii) the conduct of the Debtor's officers, directors,

professionals, and investors; and (iv) certain pre-petition transactions, including, but not limited to, the foreclosure of the Debtor's assets.

4.      The facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon Amini's completion of further review and analysis or as additional party-in-interest information becomes available to it, Amini will file a supplemental declaration disclosing such information.

5.      Amini possesses the requisite experience and expertise to advise the Trustee as his special litigation counsel in this case. Amini is a New York Limited Liability Company that specializes in complex business litigation, bankruptcy, and trial work. Amini has experience representing Chapter 11 and Chapter 7 Trustees as counsel.

6.      I will be primarily responsible for leading Amini 's representation of the Trustee in this case.

7.      In connection with this declaration, my firm conducted a search of Amini's client database to determine whether Amini had any relationship with the Debtor or its respective affiliates or officers, insiders or creditors. Among other things, my firm compared the creditors and counterparties named in the Debtor's schedules D and E/F, the Debtor's statements of financial affairs, and the claims register in this case with Amini's client database. Our review has indicated that Amini does not represent and has not previously represented any of the foregoing persons or entities in matters related to the Debtor or this case. Based upon this database search, Amini does not hold or represent an interest adverse to the Debtor's estate.  Amini has previously represented the Trustee; specifically, in *LaMonica v. Lynn Tilton, et al. (In re TransCare Corp.)*, No. 18-ap-1021-smb.

8. To the best of my knowledge and except as set forth herein, Amini is not connected with the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

9. Amini has reviewed the Debtor's creditor list and has determined that Amini does not have any conflict with the Debtor, the Trustee, the United States Trustee, any attorneys, creditors, or any other party to the proceeding.

10. Amini has also reviewed the Department of Justice website for Region 2, for the Southern District of New York, along with the staff directory and has determined that Amini has no connection with the United States Trustee or any person employed in the Office of the United States Trustee.

11. To the best of my knowledge, after due inquiry, Amini does not, by reason of any direct or indirect relationship to or connection with the Trustee, the Debtor or other parties in interest, hold or represent any interest adverse to the Trustee, the Debtor or to the estate.

12. To the best of my knowledge, after due inquiry, neither I, Amini, nor any officer, counselor associate of Amini represents any entity other than the Trustee in connection with this case.

13. Amini is a "disinterested person" as that term is defined under Bankruptcy Code § 101(14) in that Amini: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14. Amini regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Amini will continue to apply the conflicts and disclosure procedures to this case as additional information concerning entities having a connection with the Debtor is developed and will file appropriate supplemental disclosure with the Court, as may be necessary.

15. Accordingly, pursuant to § 327(a) of the Bankruptcy Code, Amini is qualified to represent the Trustee in carrying out his duties in this case.

**COMPENSATION AND BILLING PRACTICES**

16. As set forth in the Application and subject to Court approval, the Trustee proposes to employ Amini on a hybrid hourly-contingency basis, with Amini's hourly fees capped at $50,000 and a contingency fee of 33-1/3% of any resulting recoveries. The contingency fee will be calculated after (i) deducting any expense reimbursements owed to Amini, as discussed below, and (ii) deducting any hourly fees already paid (or to be paid if allowed by the Court pursuant to a proper application) to Amini.

17. Amini will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee on a similar hybrid basis: Amini will initially cap its investigation expenses from the estates for expense reimbursement at $5,000, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Amini will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained for the Trustee. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Amini be required to advance an individual

expense exceeding $5,000 and in no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

18. With respect to the hourly portion of Amini's retention, Amini will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Amini's current hourly rates are as follows: i) Officer/Counsel-$450 to $800; ii) Associates-$300 to $500; and iii) paralegal-$110-$175.

19. Attorneys and paraprofessionals of Amini bill their time in one-tenth of an hour increments and Amini's rates are subject to periodic adjustments to reflect economic and other conditions. Amini has agreed to discount these rates by 10% for this retention in this case; and once again, Amini's hourly fees will be capped at $50,000.

20. With respect to the contingency fee portion of Amini's retention, Amini will earn a contingency fee in the amount of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise (calculated after deducting any expense reimbursements owed to Amini and thereafter reduced by any hourly fees already paid to Amini for services relating to the investigation).

21. To the extent that any work of Amini results in a reduction of claims asserted against the Debtor's estate, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

22. Amini shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law.

23. Neither I, nor Amini, nor any officer or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these Chapter 7 Cases other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

24. Amini has not agreed nor will it agree to share compensation received in connection with this case with any other person, except as permitted by § 504(b) of the Bankruptcy Code.

25. Amini has not rendered any professional services to the Trustee in this case. Amini has represented Salvatore LaMonica in his capacity as a Trustee in matters unrelated to this case. Executed under penalty of perjury this 16th day of December 2020 in New York, New York.

/s/ Avery Samet
Avery Samet, as Executive Officer of Amini LLC