UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

ROCKYOU, INC.

            Chapter 7
            Case No. 19-10453 (SCC)

           Debtor.
-----------------------------------------------------------------x

**ORDER APPROVING THE RETENTION OF AMINI LLC, AS
SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE PURSUANT TO
11 U.S.C §§ 327(a) AND 328(a), *NUNC PRO TUNC* TO OCTOBER 5, 2020**

Upon the application ("Application")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of RockYou, Inc., ("Debtor"), seeking the entry of an Order of this Court, pursuant to 11 U.S.C. §§ 327(a) and 328(a) ("Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), approving the retention of Amini LLC ("Amini"), as the Trustee's special litigation counsel *nunc pro tunc* to October 5, 2020; and upon the Declaration of Avery Samet, Esq., an Executive Officer of Amini ("Samet Declaration"); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and the Court having reviewed the Application and the Samet Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application; and that Amini is disinterested and does not represent or hold any interest

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application.

that is adverse to the Debtor's estate on the matters for which it is engaged; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and, it is further

ORDERED, that the retention of Amini as special litigation counsel to the Trustee in accordance with Bankruptcy Code §§ 327(a) and 328(a), effective as of October 5, 2020 on the terms set forth in the Application and the Samet Declaration, is hereby approved; and, it is further

ORDERED, that Amini shall be retained solely as special litigation counsel to provide the services below and shall not be retained to undertake other tasks associated with running the case. Such services shall be, subject to the direction of the Trustee:

> i. investigate the filing of the bankruptcy case;
>
> ii. investigate the payment and termination of certain employees;
>
> iii. investigate the conduct of the Debtor's officers, directors, professionals, and investors;
>
> iv. investigate pre-petition transactions, including, but not limited to, the foreclosure of certain assets of the Debtor; and
>
> v. pursue (by settlement, suit or otherwise) any resulting claims and causes of action as directed by the Trustee

and, it is further,

ORDERED, that in connection with its services rendered pursuant to So Ordered ¶ (i) through (iv) of the preceding decretal paragraph, Amini shall be paid, subject to further application and Court approval, on an hourly basis as discounted by 10%, provided, however, that Amini will cap its hourly fees at $50,000 and will initially cap its reimbursement of expenses at $5,000, without prejudice to further application to increase that cap as expenses are incurred and funds are available. In connection with its services rendered pursuant to So Ordered ¶ (v) of the preceding decretal paragraph, Amini shall be paid on a contingent fee basis as follows: 33-1/3% of any

recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise which the Trustee directs Amini to pursue on behalf of the Debtor's estate (calculated after (i) deducting any expense reimbursements owed to Amini and (ii) deducting any hourly fees already paid or to be paid to Amini for services relating to the investigation). Upon collection, the Trustee shall segregate 33-13% of any such recoveries, which will be designated exclusively for Amini but payable subject to the procedures set forth herein. Except as set forth below and above, Amini shall only be paid out of recoveries actually received, and at no time shall the Trustee be required to compensate Amini other than from actual recoveries. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Amini be required to advance an individual expense exceeding $5,000 and in no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation; and it is further

ORDERED, that to the extent that any work of Amini that was directed by the Trustee to pursue results in a reduction of claims asserted against the Debtor's estate, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction; and it is further

ORDERED, that Amini shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and, it is further

ORDERED, that prior to any increases in Amini's rates for any individual employed by Amini and providing services in this case, Amini shall file a supplemental affidavit with the Bankruptcy Court and provide ten (10) business days' notice to the Debtor and the United States Trustee Office. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code § 330; and, it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further,

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and, it is further

ORDERED, that notwithstanding any provision to the contrary in the Application, any dispute relating to the services provided by Amini shall be referred to arbitration consistent with the terms of the Application only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

Dated: December 22, 2020
      New York, New York

                                              /S/ Shelley C. Chapman
                                              Honorable Shelley C. Chapman
                                              United States Bankruptcy Judge

NO OBJECTION:
William K. Harrington
United States Trustee for Region 2

By    */s/ Andrea B. Schwartz*
       Andrea B. Schwartz, Esq. Trial Attorney