Hearing Date and Time: June 2, 2021, at 11:00 a.m.
Objection Deadline: May 26, 2021

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCKYOU, INC.,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 19-10453 (SCC) |
| In re:<br><br>MMJK, INC.,<br><br>                      Debtor. | Case No. 19-10454 (SCC)<br><br>**NOTICE OF HEARING** |

PLEASE TAKE NOTICE, that a hearing on the **Motion to Approve Settlement Agreement with Centre Lane Partners Master Credit Fund II, L.P. and Wild Sky Media,** pursuant to Rule 9019(a) (the "Motion"), filed April 9, 2021, will be held before the Honorable Shelley C. Chapman, on June 2, 2021, at 11:00 a.m., or as soon thereafter as counsel may be heard. Pursuant to General Order M-543, Court Operations under the Exigent Circumstances Created by Covid-19, the hearing will be conducted telephonically through Court Solutions.

The Motion seeks approval of a settlement of claims between (a) the Chapter 7 Trustee of ("Trustee") of the estates of RockYou, Inc. ("RockYou") and MMJK, Inc. (collectively, the "Debtors"), (b) Centre Lane Partners Master Credit Fund II, L.P. ("CLP MCF") and (c) Wild Sky Media. Pursuant to the settlement, CLP MCF and Wild Sky Media will pay $125,000 to the Trustee. In addition, CLP MCF and Wild Sky Media will waive and release all claims against the Debtors' estates and the Trustee will waive and release claims any claims which the estates, or any person suing derivatively through the estates, have against CLMCF and Wild Sky Media. The Motion seeks an Order barring any party in interest or creditor of the Debtors and their bankruptcy estates from bringing any claim against CLP MCF, or persons related to it, "that is derivative of, or relates directly to, the rights of one or more of the Debtors, their estates, the Trustee, or any

person or entity under the control of one or more of the foregoing and based upon, relating to, or arising out of any act, omission, event or transaction whatsoever relating to the loans made by the Credit Parties, the foreclosure conducted by the Agent, the transfer of assets of the Borrowers to Wild Sky, or the operations and affairs of the Borrowers prior or subsequent to the commencement of the above-captioned proceedings, including without limitation, any matter alleged or which could have been alleged in connection with the released claims" as described in the Motion.

You are directed to the Motion itself and accompanying settlement papers and proposed order approving the same for a full recitation of the settlement's terms. Those papers can be accessed directly from the Bankruptcy Court's docket at www.nysb.uscourts.gov or by contacting the undersigned.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1(b), answering papers must be served by May 26, 2021.

Dated: New York, New York
April 9, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica, as Chapter 7 Trustee*

Hearing Date and Time: June 2, 2021, at 11:00 a.m.
Objection Deadline: May 26, 2021

Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,
as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> ROCKYOU, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-10453 (SCC) |
| In re: <br><br> MMJK, INC., <br><br> Debtor. | Case No. 19-10454 (SCC) |

**MOTION TO APPROVE SETTLEMENT AGREEMENT
WITH CENTRE LANE AND WILD SKY MEDIA**

Salvatore LaMonica, solely in his capacity as chapter 7 trustee ("Trustee") of the estates of RockYou, Inc. ("RockYou") and MMJK, Inc. (together with RockYou, the "Debtors"), hereby moves for an Order, in the form annexed hereto, approving the Settlement Agreement with Centre Lane Partners Master Credit Fund II, L.P. ("CLP MCF") and CL Media Holdings LLC (dba Wild Sky Media) ("Wild Sky Media"), dated as of April 8, 2021 and annexed hereto as Exhibit 1 ("Settlement Agreement"), and states:

**JURISDICTION**

1.  The Court has subject matter jurisdiction to consider this motion under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**BACKGROUND**

2.     RockYou was an interactive media company that delivered free-to-play games and content to consumers on mobile devices, social media (e.g. Facebook) and the web, with a view principally to generating advertising revenue.

3.     Its non-games, media business segment was comprised of parenting and lifestyle brands, and their respective websites; specifically, LittleThings, CafeMom, The Revelist, Mamas Latinas, Baby Name Wizard, 50-plus website Purple Clover and Mom.me.

4.     In order to refinance their existing secured debt, RockYou and its subsidiaries (collectively, the "Borrowers") entered into a Credit Agreement with CLP MCF, as Agent (the "Agent"), and the Lenders identified therein (collectively, the "Lenders"), dated as of December 21, 2017 (as amended, the "Credit Agreement"), and initially received loans of approximately $15 million. CLP MCF contends that Borrowers received additional loans from the Lenders of approximately $6.5 million (including the $2 million loan described below) in connection with amendments to the Credit Agreement.

5.     CLP MCF contends that in May 2018, the Agent issued a formal notice to Borrowers that defaults had occurred and were continuing under the Credit Agreement on account of violations of multiple financial covenants for the period ending March 31, 2018; and that Agent, the Lenders, and the Borrowers subsequently entered into a forbearance agreement and amendment to the Credit Agreement that was amended from time to time and included affirmative covenants by Borrowers that they would improve capitalization and performance of the business as well as pursue a refinancing of the indebtedness under the Credit Agreement.

6.     CLP MCF contends that in October 2018, following the occurrence of additional defaults under the Credit Agreement and forbearance agreement and the Borrowers' failure to improve capitalization and performance of the business, the Agent and the Lenders agreed to

provide an additional loan to Borrowers in the amount of $2 million and forbear from exercising their rights and remedies on account of the continuing defaults subject to specific terms and conditions including: (i) Borrowers engage a competent and experienced Chief Restructuring Officer ("CRO") to operate the businesses, (ii) Borrowers undertake a sale process for the gaming business and the media assets, and (iii) certain shareholders assign their stock to the Lenders in exchange for warrants.

7. RockYou engaged CR3 Partners LLC, to furnish a CRO. CLP MCF contends that the Lenders, in their capacity as shareholders, appointed Bradley Scher as director, and that Mr. Scher has no association with the Agent or Lenders.

8. Pursuant to an Asset Purchase Agreement, dated as of December 23, 2018, RockYou sold its gaming assets to a third-party in exchange for an upfront payment of $1 plus deferred payments of roughly $9.6 million plus 6.5% of 2019 gross revenue from gaming assets. CLP MCF contends that RockYou assigned its right to the deferred payments under the Asset Purchase Agreement to the Agent and the Lenders in exchange for their release of liens on the gaming assets.

9. CLP MCF contends that as a result of the Borrowers' deteriorating financial condition and impending liquidity crisis, and given the unsuccessful sale process for the media assets and failed refinancing efforts, at a board meeting held in December 2018, Mr. Scher, as director, agreed that the Agent and the Lenders would "[f]oreclose on the media division assets and spin [them] into a NewCo"; "File the remaining liabilities for protection … under Chapter 7"; and thereafter "Continue to communicate with [potential third party purchasers] regarding a potential purchase of the Media assets."

10. In connection with the anticipated foreclosure, Hilco Valuation Services ("Hilco") appraised the media assets and issued a report valuing the assets at $10 million based upon a fair market value methodology and $3.3 million based on an orderly liquidation methodology.

11. Mr. Scher, as director, executed resolutions, dated as of January 31, 2019, approving the foreclosure, with the consent of RockYou and its subsidiaries, pursuant to N.Y. U.C.C. § 9-620, on terms set forth in a Foreclosure Agreement, dated as of January 31, 2019, with the Agent and Wild Sky Media, its wholly-owned subsidiary, as buyer and transferee.

12. The resolutions and the Foreclosure Agreement stated that outstanding obligations under the Credit Agreement exceed the fair market value of the media business as a going concern; and that after the foreclosure, and deduction of the fair market value of the media assets per the Hilco valuation ($10 million) and the then anticipated value of deferred payments resulting from the gaming assets sale, and certain other adjustments, the Agent and Lenders are still owed $3,572,309.

13. Agent filed a proof of claim, asserting secured status on account of its blanket lien under the Credit Agreement, for the same amount against each Debtor; and Wild Sky Media also filed an unliquidated proof of claim against each Debtor.

14. Following the consummation of the foreclosure, RockYou's CRO became the CEO of Wild Sky Media and he projected EBITDA of $3.2 million for Wild Sky Media for the remaining 11 months of 2019. On February 13, 2019, the Debtors filed petitions under chapter 7 of the Bankruptcy Code to wind up their affairs under supervision of this Court.

**THE SETTLEMENT AGREEMENT**

15. The Trustee has identified potential causes of action against CLP MCF and Wild Sky Media for inter alia breach of the fiduciary duty of loyalty and fraudulent conveyance relating to the foreclosure and seeking disallowance of CLP MCF's secured claim. CLP MCF and Wild

4844-0084-6815.6

Sky Media dispute that they have any liability, and contend they have complete factual and legal defenses on account of, among other things, the Debtors having received fair consideration in the foreclosure and the foreclosure having been approved by Mr. Scher, as independent director. The Trustee disputes the director's independence. The Trustee also disputes the foreclosure's premise, that any amount is due and owing the Agent and the Lenders after deducting the value of deferred payments resulting from the games sale and the value of the media assets.

16. The parties have engaged in exchanges of information, including with regard to their respective claims and defenses, and extensive settlement discussions, the result of which is the Settlement Agreement.

17. By the Settlement Agreement, CLP MCF and Wild Sky Media agreed to waive any claims against the Debtors, and CLP MCF has agreed to pay $125,000 to the Trustee.

18. Pursuant to the Settlement Agreement, the parties have further agreed to exchange mutual releases (the "Releases"). The Releases encompass releases by CLP MCF and Wild Sky Media of any claims against the Trustee and the Debtors and their respective subsidiaries and their respective officers, employees, predecessors, and assigns, as more fully set forth in the Settlement Agreement. (Settlement Agreement, § 3.) Similarly, the Releases encompass releases by the Debtors and the Trustee of any claims against CLP MCF and Wild Sky Media and their respective affiliates and their respective officers, employees, predecessors, and assigns, as more fully set forth in the Settlement Agreement. (Id.) The Releases also carve out potential causes of action the estates may possess against RockYou's director and CRO.

## BASIS FOR RELIEF REQUESTED

19. Rule 9019(a) provides that "On motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

4844-0084-6815.6

20. The relevant inquiry in determining whether to approve a proposed settlement is whether it is fair and equitable in the best interests of the estate. *In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligations is to determine whether a settlement is in the best interests of the estate"); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to Rule 9019(a) settlements); *see also In re Enron Corp.*, No. 02-cv-8489, 2003 WL 230838, at *2 (S.D.N.Y. 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate").

21. Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *In re Stone Barn Manhattan*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (citing *In re W.T. Grant Company*, 699 F.2d 599 (2d Cir. 1983)).

22. In determining if a proposed settlement is fair and equitable, the Second Circuit has held that a court should consider the following interrelated factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience and delay, including the difficulty in collecting on the judgment;
>
> (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
>
> (4) whether other parties in interest support the settlement;
>
> (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;
>
> (6) the nature and breadth of releases to be obtained by officers and directors; and

4844-0084-6815.6

      (7) the extent to which the settlement is the product of arm's length bargaining.

*Iridium*, 4788 F.3d at 462.

23.    The relevant *Iridium* factors support approval of the Settlement Agreement. The Trustee and his undersigned special litigation counsel have undertaken a robust investigation that included review of inter alia loan, security, foreclosure, sale and valuation documents, board presentations, financial records and emails of RockYou's officers and other CR3 personnel from the months leading up to the foreclosure. Based on the investigation, the Trustee has determined that the above-identified potential claims against CLP MCF, Wild Sky Media and other released parties relating to the foreclosure are complex and would consume substantial time and costs (including expert costs) to litigate and there is meaningful risk that litigation would be unsuccessful and not yield a net benefit to the estate. As such, the Trustee believes that the first and second *Iridium* factors are satisfied.

24.    The other *Iridium* factors also support approval of the Settlement Agreement. As to the third, creditors will benefit from the nearly $4 million in value provided under the settlement, resulting from the CLP MCF claim waiver and cash payment. Absent the settlement, the Debtors' estates would have minimal unencumbered assets, with which to fund what is anticipated would be uncertain and expensive litigation.

25.    In addition, the Settlement Agreement carves out from the release provided thereunder claims against RockYou's director and CRO, as well as preference claims against others not party to the Settlement Agreement, all of which the Trustee remains free to pursue notwithstanding the present settlement.

26.    Finally, the Settlement Agreement is the product of good faith, extensive and arm's length bargaining among CLP MCF, Wild Sky Media and the Trustee. The Trustee has made the determination, following weeks of negotiations and in his business judgment, that it is in the best

4844-0084-6815.6

interests of the estates to settle all claims relating to or concerning the foreclosure and the Agent's and Lenders' relationship with the Debtors on terms set forth in the Settlement Agreement.

27. Based on the foregoing, the Trustee submits that the Settlement Agreement's terms are fair, reasonable and the in the best interests of the Debtors' estates and creditors. The resolution of claims against CLP MCF and Wild Sky Media is founded on the exercise of the Trustee's sound business judgment and is well above the "lowest point in the range of reasonableness." The Settlement agreement should therefore be approved.

## NOTICE

28. Notice of this motion has been served upon all persons that have filed claims herein, in accordance with Rule 2002(a)(3), all persons that have entered appearances herein, all creditors on the relevant matrices, and the Office of the United States Trustee.

## NO PRIOR REQUEST

29. No prior request for the relief sought herein has been made to the Court or to any other court.

WHEREFORE, the Trustee requests that the Court approve the Settlement Agreement, direct the Parties to proceed in accordance therewith, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
April 9, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,
as Chapter 7 Trustee*

4844-0084-6815.6