**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCKYOU, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 19-10453 (SCC) |
| In re:<br><br>MMJK, INC.,<br><br>                     Debtor. | Case No. 19-10454 (SCC) |

## ORDER APPROVING SETTLEMENT AGREEMENT
## WITH CENTRE LANE AND WILD SKY MEDIA

Upon the motion of Salvatore LaMonica ("Trustee"), solely in his capacity as chapter 7 trustee of the estates of the above-named debtors (collectively, the "Debtors"), for approval of a settlement (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") of all claims and causes of action against Centre Lane Partners Master Credit Fund II, L.P., CL Media Holdings LLC (dba Wild Sky Media), and the CLP Released Parties,[1] arising under the above-captioned cases or related to the Debtors or their respective bankruptcy estates.  The Court, having reviewed the Motion, the Settlement Agreement, the docket in the Debtors' cases, having heard the arguments of counsel and being otherwise duly advised in the premises finds that:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334;

B.    Venue is proper before this Court pursuant to 28 U.S.C. §1408;

C.    Section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9019 of the Bankruptcy Rules provide the basis for the relief sought in the Motion;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement attached to the Motion as Exhibit 1.

D.      Pursuant to Bankruptcy Rules 9019 and 2002, the notice given by the Trustee of the relief requested in the Motion and the terms of the Settlement Agreement and the opportunity for hearing on the Motion, which notice was served upon all creditors listed on the Debtors' respective creditor matrices as well as all parties that appeared and requested copies of all notices that have filed proofs of claim and all parties that entered appearances in the Debtors' cases, was and is the best notice practicable under the circumstances and was good and sufficient notice to all persons and entities whose interests would or could be affected by this Order or the Settlement Agreement, and no other or further notice need be provided;

E.      Upon consideration of the relevant factors to be utilized in determining whether a proposed settlement is fair and reasonable, and for the reasons set forth in the Motion, the Settlement Agreement provides clear benefits to the Debtors' creditors including (i) immediate resolution of the CLP Released Claims, and the elimination of further administrative and litigation expenses associated therewith; (ii) removal of the risk and uncertainty associated with litigating the CLP Released Claims to judgment; and (iii) a meaningful payment and waiver of claims that will benefit the Debtors' creditors;

F.      The settlement and the Settlement Agreement are the result of arms-length bargaining and negotiation among the parties and represent a good faith compromise and resolution of the matters settled and there is no evidence that the settlement is the result of collusion among the parties to the Settlement Agreement or that there has been any intent to prejudice the persons or entities who will be subject to this Order; and

G.      Based upon the value of the CLP Released Claims, the Settlement Payment of $125,000.00 and waiver of claims of approximately $3.5 million, in each case, as provided under the Settlement Agreement, and the significant cost and litigation risks that would be associated with pursuing the CLP Released Claims to judgment, the Settlement Agreement is fair and

reasonable. Therefore, the relief sought in the Motion is in the best interests of the Debtors'
creditors and other parties in interest.

Accordingly, after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUIDGED AND AGREED** that:

1.      The Motion is **<u>Granted</u>** and the terms of the Settlement Agreement are hereby
**<u>Approved</u>** and incorporated into this Order in their entirety, and the parties are authorized and
directed to perform in accordance with the terms thereof, as well as the terms of this Order.

2.      All parties in interest and creditors of each Debtor and their respective bankruptcy
estates, including without limitation, the Debtors, the Trustee, and the Loan Parties, and all former
and current directors, officers, managers, parents, members, shareholders, partners, creditors,
employees, administrators, successors, assigns, affiliates, representatives, and agents of such
parties (collectively, the "<u>Enjoined Parties</u>") are hereby permanently barred and enjoined from
commencing, prosecuting, asserting, either directly or in any other capacity, against any one or
more of the CLP Released Parties any and all liabilities, judgments, rights, claims, cross-claims,
counterclaims, demands, suits, matters, obligations, damages, debts, losses, costs, actions and
causes of action, of every kind and description arising under common law, rule, regulation or
statute, whether arising under state or federal law, whether presently known or unknown, that any
of the Enjoined Parties, or anyone claiming rights on behalf of any of the Enjoined Parties now
has, ever had or may claim to have in the future that is derivative of, or relates directly to, the
rights of one or more of the Debtors, their estates, the Trustee, or any person or entity under the
control of one or more of the foregoing and based upon, relating to, or arising out of any act,
omission, event or transaction whatsoever relating to the loans made by the Credit Parties, the
foreclosure conducted by the Agent, the transfer of assets of the Borrowers to Wild Sky, or the
operations and affairs of the Borrowers prior or subsequent to the commencement of the above-

captioned proceedings, including without limitation, any matter alleged or which could have been alleged in connection with the released claims against the CLP Released Parties, in any action pursuant to Sections 502, 503, 542, 544, 545, 547, 548, 549, 550, 553 or 723 of the Bankruptcy Code, or any other action whatsoever; provided however, this paragraph does not and is not intended to release CLP MCF or Wild Sky of their express obligations under the Settlement Agreement.

3.      This Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the terms of this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  New York, New York
              _____, 2021

_____
The Honorable Shelley C. Chapman
United States Bankruptcy Judge