Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Salvatore LaMonica, as*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 7 |
|---|---|
| ROCKYOU, INC., | Case No. 19-10453 (SCC) |
| Debtor. | **NOTICE OF HEARING** |

PLEASE TAKE NOTICE, that a hearing on the annexed **Motion to Approve Settlement Agreement with McGuireWoods LLP,** pursuant to Rule 9019(a) will be held before the Honorable Shelley C. Chapman, on July 19, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard. Pursuant to General Order M-543, Court Operations under the Exigent Circumstances Created by Covid-19, the hearing will be conducted telephonically through Court Solutions.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Rule 9006-1(b), answering papers must be served by July 12, 2021.

Dated: New York, New York
       June 21, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Salvatore LaMonica, as*
*Chapter 7 Trustee*

Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Salvatore LaMonica, as*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 7 |
|---|---|
| ROCKYOU, INC., | Case No. 19-10453 (SCC) |
| Debtor. | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH McGUIREWOODS LLP**

Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the estate of the above-named Debtor, moves to approve the Settlement Agreement with McGuireWoods LLP ("McGuireWoods"), annexed hereto as Exhibit 1, and states:

**JURISDICTION**

1. The Court has subject matter jurisdiction to consider this motion under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

**BACKGROUND**

2. On May 3, 2021, the Trustee commenced an adversary proceeding (No. 21-01121), seeking to avoid and recover four payments made by the Debtor to McGuireWoods within 90 days before the commencement of this case totaling $159,657.33, as preferences, pursuant to Bankruptcy Code section 547(b) and 550(a).

3. McGuireWoods contends that it has a complete, paid new value defense as to the first three payments, totaling $100,735.53, and has asserted additional defenses as to the balance.

4. The Trustee, through his special litigation counsel, and McGuireWoods, have engaged in extensive negotiations concerning the avoidability of the subject payments and the merits of asserted preference defenses.

5. Pursuant to the Settlement Agreement, McGuireWoods agreed to pay $45,000 to the Trustee in full and final satisfaction of the preference claims and other claims that could have been asserted in the adversary proceeding, subject to Court approval.

**RELIEF REQUESTED AND BASIS THEREFOR**

6. By this motion, the Trustee seeks an Order approving the Settlement Agreement, pursuant to Rule 9019(a).

7. Rule 9019(a) provides that "On motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

8. The relevant inquiry in determining whether to approve a proposed settlement is whether it is fair and equitable in the best interests of the estate. *In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligations is to determine whether a settlement is in the best interests of the estate"); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to Rule 9019(a) settlements); *see also In re Enron Corp.*, No. 02-cv-8489, 2003 WL 230838, at *2 (S.D.N.Y. 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate").

9. Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *In re Stone Barn Manhattan*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (citing *In re W.T. Grant Company*, 699 F.2d 599 (2d Cir. 1983)).

10. In determining if a proposed settlement is fair and equitable, the Second Circuit has held that a court should consider the following interrelated factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience and delay, including the difficulty in collecting on the judgment;
>
> (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
>
> (4) whether other parties in interest support the settlement;
>
> (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;
>
> (6) the nature and breadth of releases to be obtained by officers and directors; and
>
> (7) the extent to which the settlement is the product of arm's length bargaining.

*Iridium*, 478 F.3d at 462.

11. The relevant *Iridium* factors support approval of the Settlement Agreement. The Trustee and his undersigned special litigation counsel have analyzed the potential avoidability of the subject payments. Based on the analysis, the Trustee has determined that prosecution of the subject preference cause of action would consume substantial time and costs to litigate and there is meaningful risk that litigation would not yield a material net benefit to the estate, relative to that provided under the proposed settlement. As such, the Trustee believes that the first and second *Iridium* factors are satisfied.

12. The other *Iridium* factors also support approval of the Settlement Agreement. As to the third, creditors will benefit from the value provided under the Settlement Agreement.

13. Finally, the Settlement Agreement is the product of good faith, extensive and arm's length bargaining by the parties. The Trustee has made the determination, following negotiations and in his business judgment, that it is in the best interest of the Debtor's estate to settle on terms set forth in the Settlement Agreement.

14. Based on the foregoing, the Trustee submits that the Settlement Agreement's terms are fair, reasonable and in the best interests of the Debtor's estate and creditors. Resolution of the preference claim is founded on the exercise of the Trustee's sound business judgment and is well above the "lowest point in the range of reasonableness." The Settlement agreement should therefore be approved.

## NOTICE

15. Notice of this motion has been served upon all persons that have filed claims herein, in accordance with Rule 2002(a)(3), all persons that have entered appearances herein and the Office of the United States Trustee.

16. No prior request for the relief sought herein has been made to the Court or to any other court.

WHEREFORE, the Trustee requests that the Court approve the Settlement Agreement and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       June 21, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Salvatore LaMonica, as Chapter 7 Trustee*