# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of this 17th day of June, 2021 by and among Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Trustee") of the estate of RockYou, Inc. ("Debtor"), and McGuireWoods LLP ("McGuireWoods", and together with the Trustee, "Parties"). This Settlement Agreement shall be effective and binding as of the date on which an Order of the Bankruptcy Court approving this Settlement Agreement is entered (the "Effective Date").

WHEREAS, the Trustee has commenced an adversary proceeding (No. 21-01121) (the "Adversary Proceeding"), seeking to avoid and recover four payments made by the Debtor to McGuireWoods within 90 days before the commencement of its case totaling $159,657.33, as preferences, pursuant to Bankruptcy Code section 547(b) and 550(a);

WHEREAS, McGuireWoods has asserted defenses to the avoidability of the subject payments;

WHEREAS, without admitting liability, McGuireWoods has agreed to compromise the claims brought in the Adversary Proceeding on the terms provided herein.

NOW, THEREFORE, the Parties hereby stipulate and agree as follows, subject to the occurrence of the Effective Date:

1. <u>Bankruptcy Court Approval</u>. This Settlement Agreement shall be subject to approval by the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Any motion or proposed order seeking approval of the Settlement Agreement shall be in form and substance reasonably acceptable to McGuireWoods, and drafts of any such motion or proposed order shall be shared with McGuireWoods sufficiently in advance of their filing to allow a reasonable amount of time for McGuireWoods to review the same.

2. <u>Settlement Payment</u>. Within five (5) business days following the Effective Date and receipt of a Form W-9 from the Trustee, McGuireWoods shall pay $45,000 (the "Settlement

Payment") to the Trustee, by wire transfer in accordance with payment instructions to be provided by the Trustee.

3. <u>Full Satisfaction and Release</u>. The Settlement Payment made pursuant to Paragraph 1 of this Settlement Agreement shall be in full satisfaction and release of all claims brought or that could have been brought on behalf of the Debtor's estate in the Adversary Proceeding.

4. <u>Dismissal of Adversary Proceeding</u>. Within seven (7) days following receipt of the Settlement Payment and the giving of notice by McGuireWoods to Trustee's counsel that payment has been made, the Trustee shall file a notice of dismissal of the Adversary Proceeding, with prejudice, pursuant to Rule 41(a)(1).

5. <u>No Admission of Wrongdoing</u>. Nothing herein shall be construed as or deemed to be evidence of an admission of or concession of any liability or wrongdoing by any Party, and shall not be offered or received in evidence in any action (except one to enforce the terms hereof), or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature by any Party or with respect to any defense or denial of liability by any Party.

6. <u>Arms' Length and Voluntary Settlement</u>. The Parties have carefully read, and know and understand, the full contents of this Settlement Agreement, and agree that the terms hereof were negotiated at arms' length in good faith by the Parties and reflect a settlement reached voluntarily after consultation with counsel.

7. <u>No Right of Rescission</u>. In entering into this Settlement Agreement, each Party assumes the risk of any mistake of fact or law. If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Settlement Agreement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Settlement Agreement. This Settlement Agreement is intended to be, and is, final and binding upon the Parties regardless of any mistake of fact or law.

8.  Each Party to Bear Its Own Costs. Each of the parties will bear and is responsible for its own costs, expenses and attorneys' fees incurred in connection with the matters described in this Settlement Agreement, the negotiations, preparation, execution and implementation of this Settlement Agreement and all other matters relating to the foregoing.

9.  Amendments; Waivers. This Settlement Agreement may be amended, supplemented or otherwise modified only by a written agreement signed by both Parties. No failure or delay on the part of any party in the exercise of any right hereunder will impair such right or be construed to be a waiver of, or acquiescence in, any breach of any representation, warranty, covenant or agreement herein, nor will any single or partial exercise of any such right preclude any other or further exercise thereof or of any other right. No waiver of any provision of this Settlement Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), or shall constitute a continuing waiver unless otherwise expressly provided. No waiver of any right or remedy hereunder shall be valid unless the same shall be in writing and signed by the party against whom such waiver is intended to be effective.

10. Headings. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11. Choice of Law; Jurisdiction. The terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflicts of laws principles. To the extent the Bankruptcy Court agrees to exercise subject matter jurisdiction, any action regarding the enforcement or breach hereof shall be commenced in the Bankruptcy Court, which shall retain jurisdiction to resolve any dispute arising out of or relating to this Settlement Agreement.

12. **Execution in Counterparts.** This Settlement Agreement may be executed in counterparts. Facsimile and/or electronic signatures in portable document format (.PDF) shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

13. **Authorization/Binding Effect.** Each of the undersigned signatories represents to the other Party that he or she is authorized to execute and deliver this Settlement Agreement on behalf of the Party he or she purports to represent.

14. **Entire Agreement.** This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof and supersedes any prior or contemporaneous discussion or agreements thereon.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date set forth above.

| | |
|---|---|
| SALVATORE LAMONICA, as Chapter 7 Trustee of the estate of RockYou, Inc. *(signed)* | McGUIREWOODS LLP *(signed)* <br> Name: Bruce M. Steen <br> Title: General Counsel |